UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Teresa K. Cox, | ) | C/A No.: 0:07-cv-377-GRA-BM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 73.02(B)(2)(a), D.S.C., issued on November 6, 2007.  Teresa K. Cox (Plaintiff) brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision to deny the plaintiff's claims for Social Security Disability Insurance Benefits (DIB).  The magistrate recommends affirming the commissioner's decision.  For the reasons stated herein, this Court adopts the magistrate's recommendation.

### Standard of Review

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court

may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).  The plaintiff filed objections on December 7, 2007.  The defendant filed a response to Plaintiff's objections on December 20, 2007.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 205(g) of the Act provides: "The findings

of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes *de novo* review of the factual circumstances that substitute the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it is supported by substantial evidence.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard.  *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

**Objections**

*1.     Evaluation of the Medical Opinions of Plaintiff's Treating Physicians*

Plaintiff first objects to the magistrate's conclusion that the ALJ properly considered the medical evidence provided by Plaintiff's three treating physicians: Dr. Nicholas Sanito, Dr. David Steiner, and nurse practitioner Michelle Knapik-Smith when determining whether Plaintiff was disabled. (Plaintiff's Objections 1-3.)  Specifically, "Plaintiff objects to the [m]agistrate's findings and asserts that the ALJ must properly explain the basis for his findings that the medical provider's treatment notes fail to support their medical conclusions in a manner that includes consideration of both evidence helpful to the Commissioner's position *and* evidence supportive of the [p]laintiff's allegations." (Pl's. Objs. 3.)

In the initial brief, Plaintiff argued that the ALJ failed to sufficiently explain the weight given to the treating sources medical opinion as required by Social Security Ruling 96-2p and 96-5p. (Plaintiff's Brief 18-28.)  With respect to the opinion and assessment of Dr. Sanito's findings in the Residual Functional Capacity Assessment, the plaintiff argued that the ALJ "failed to sufficiently explain why Dr. Sanito's records completely failed to support his assessment to the extent that his findings were completely dismissed by the ALJ." (Pl.'s Br. 21.)  The plaintiff further argued that "the ALJ's assessment of Dr. Sanito's opinion is that it does not rely on one competing treating or evaluating opinion over another; instead it simply substitutes the ALJ's medical expertise for that of the treating physician.  There is no contrary opinion

from a treating or evaluating physician disputing Dr. Sanito's assessment, or providing a competing evaluation of the Plaintiff's functional capacity." (Pl's. Br. 21.) Therefore, the plaintiff claims that the ALJ substituted his opinion for the medical expertise of the treating physician, without explanation.

The magistrate judge refuted this argument by stating that:

Plaintiff's main objection to the ALJ's treatment of Dr. Sanito's opinion with respect to the seriousness of her asthma condition relates to a functional capacity assessment completed by Dr. Sanito November 5, 2004. (R.pp. 225-230.) This assessment included the restrictions on exposure to fumes, gases and chemicals which were accepted by the ALJ in his decision, and noted that Plaintiff was capable of walking up to two blocks at a time without resting. However, Dr. Sanito also made additional findings such as that Plaintiff was unable to sit for more than fifteen minutes at a time as well as other postural limitations (for example, only being able to sit for less than two hours in an eight hour work day and never being able to lift over twenty pounds), which were rejected by the ALJ as not being supported either by Dr. Sanito's own treatment notes or by the overall record. *See Craig v. Charter*, 76 F.3d 585, 589-590(4th Cir. 1996) [rejection of treating physician's opinion justified where treating physician's opinion was inconsistent with substantial evidence of record]. The undersigned does not find any reversible error in this decision, as Dr. Sanito's medical records do not support a finding that Plaintiff's asthma would result in any such severe limitations. (R.pp. 133-138, 251-257.)

Further, two state agency physicians who review Plaintiff's medical records in March 2004 and again in August 2004 both found that Plaintiff had *no* lifting or postural limitations, noting only Plaintiff's need to avoid areas containing fumes and gases as previously noted. (R.pp. 167-174, 195-202.) The ALJ gave these opinions substantial weight since they were supported by the overall evidence of record, which he was entitled to do under the applicable caselaw. (R.p. 18.) *See Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986) [opinion of non-examining physician can constitute substantial evidence to support the decision of the Commissioner]; *Johnson v. Barnhart*, 434 F.3d 650. 657 (4th Cir. 2005) [ALJ can give great weight to opinion of medical expert who has thoroughly reviewed the record]; *see also* SSR 96-6p [Agency physicians are experts in the evaluation of medical issues for purposes of

> disability claims]. Plaintiff's argument that the ALJ erred in his evaluation of this evidence is without merit.

(Report & Recommendation 5-6.)

Plaintiff further argues that the magistrate erred by "dismiss[ing] similar arguments in regard[] to Dr. Steiner and Nurse Knapik-Smith, finding that the ALJ 'properly exercised his authority by evaluating and weighing *all of the medical evidence* in reaching his decision.'" (Pl's Objs. 2.) With respect to Dr. Steiner, the plaintiff does not point to any specific portion of the Report and Recommendation; she merely objects to the ALJ's treatment of his opinion. As to Nurse Knapik-Smith, the plaintiff states that "the ALJ's description of the evidence relating to Knapik-Smith's assessment is at best selective and at worst a simple mischaracterization." (Pl's. Objs. 3.) It is the plaintiff's contention that the magistrate failed to take into account the fact that the ALJ did not sufficiently explain why he did not rely on Nurse Knapik-Smith's finding that Plaintiff had a GAF score of 50 or that her prognosis was "poor." (Pl's Objs. 3.) Further, Plaintiff argues that the ALJ failed to go into greater detail regarding explain his conclusion that Nurse Knapik-Smith's own treatment notes did not support her findings. (Pl's. Objs. 3.)

As the magistrate noted, "Plaintiff's main argument for disability is not based on her asthma or other physical infirmities, but on her severe mental impairment, which is well documented in the record." (R & R 6.) The magistrate then proceeded to go through a detailed review of the medical record to determine whether there was

substantial evidence for the ALJ to conclude that the plaintiff was not disabled based on her mental impairment. The magistrate judge stated:

> While Plaintiff complains that the assessment of Dr. Steiner and Nurse Knapik-Smith reflect more severe limitations than found by the ALJ, the medical records of these two medical providers also contain findings and opinions consistent with the ALJ's decision. The ALJ was not required to accept the more severe limitations found by some of the medical professionals in this case to the exclusion of the other evidence. Rather, he properly exercised his authority by evaluating *all of the medical evidence* in reaching his decision. Nor was the ALJ required to accept Dr. Sanito's conclusory statement that Plaintiff was disabled from work.

(R & R 10-11.) (citations omitted). The magistrate then concluded that there was no reversible error in the ALJ's evaluation of the medical evidence. (R & R 11.)

The law is well-established in this district that "[a]lthough the opinion of a treating physician is generally entitled to "great weight," the ALJ is not required to give it "controlling weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id.* The Court finds there was substantial evidence in the record for the ALJ to conclude that Dr. Sanito's functional capacity assessment of Mrs. Cox was not supported by either his own treatment notes or by the overall record. The magistrate correctly recommended affirming the ALJ's findings related to the medical reports of Dr. Sanito, as those findings were based on substantial evidence and the applicable law.

The Court further finds no reversible error with the ALJ's treatment of the medical evidence of Dr. Steiner and Nurse Knapik-Smith. Plaintiff claims that it was error for the ALJ to exclude the GAF score of 50 which Nurse Knapik-Smith assigned to Plaintiff. However, as the magistrate noted, the ALJ does not have to accept the more severe limitations found in the record. The record reflects that on January 13, 2006, Plaintiff went to see her psychiatrist Dr. Gregory Smith for her depression. Dr. Smith assigned Plaintiff a GAF score of 60. (R. at 249.) As the magistrate noted, this score demonstrates that only moderate symptoms are present. (R & R 9, n. 9.) This is clearly inconsistent with Dr. Sanito's opinion that Plaintiff is disabled and unable to work.

As to the plaintiff's complaint that the ALJ failed to consider Nurse Knapik-Smith's prognosis of "poor", the record indicates that she received such prognosis from Nurse Knapik-Smith as it related to her substance abuse of over-the-counter stimulants. (R. at 159-164.) As the magistrate noted, the ALJ took all of this medical evidence into account in his assessment of Plaintiff's ability to work. This Court agrees and concludes that there is substantial evidence in the record to support the ALJ's decision. Plaintiff's first objection is without merit.

*2.     Evaluation of the Plaintiff's Mental Impairments*

Next, Plaintiff argues that the ALJ "fail[ed] to explain the translation of mental impairments found in the hearing decision to the impairments actually included in the Plaintiff's RFC, and the hypothetical question presented to the vocational expert."

(Pl's Objs. 3.) Specifically, Plaintiff argues that the ALJ failed to include an adequate description of Plaintiff's documented mental limitations in the hypothetical question to the vocational expert.

For a vocational expert's opinion to be relevant, it must be in response to a proper hypothetical question that sets forth all of the claimant's impairments. *Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989). A hypothetical question offered to a vocational expert should only include those limitations borne out of the evidentiary record and accepted by the ALJ. *Evans v. Chater,* 55 F.3d 530, 533 (10th Cir. 1995). The ALJ has great latitude in posing hypothetical questions and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1986). Finally, the hypothetical question may omit non-severe impairments, but must include those that the ALJ finds to be severe. *Benenate v. Schweiker*, 719 F.2d 291, 292 (8th Cir. 1983).

Here, the ALJ asked the vocational expert the following:

"[A]ssume . . . an individual of the claimant's age, education, and past job experience is limited to performing work with restrictions that require simple, routine tasks in a low-stress, supervised environment. No required interaction with the public or team-type interaction with co-workers. No lifting or carrying over 50 pounds occasionally, 25 pounds frequently. Avoidance of hazards such as unprotected heights and dangerous machinery and an environment free from poor ventilation, dust, fumes, gases, odors, and extremes of humidity and temperature. . . . Mr. Crawford, would there be jobs available that such an individual could perform, and if so, please provide examples of such jobs and the approximate numbers present.

(R. at 311.)

Plaintiff argues that the "ALJ apparently converted the mental restrictions indicated in the hearing decision into the more specific restrictions provided in the question to the vocational expert, but the ALJ does not explain in the hearing decision upon what basis this process was carried out." (Pl's. Objs. 3-4.) However, this argument lacks merit. Plaintiff's mental limitations were adequately incorporated into the hypothetical question. The hypothetical question incorporated the only limitation supported by the record with regard to her mental impairment, the restriction to simple, routine tasks in a low-stress environment with no required interaction with the public or team-type interaction. The Court finds that there is no procedural deficiency in the ALJ's findings that the plaintiff retains the capacity to perform other work. Therefore, the Commissioner's decision must be affirmed if it is supported by substantial evidence.

*3.     Evaluation of Plaintiff's Residual Functional Capacity*

Plaintiff's third objection is that the ALJ failed to perform a function-by-function assessment of the plaintiff's abilities. (Pl's. Objs. 4.) Specifically, Plaintiff argues that the ALJ "made no finding as to the [p]laintiff's ability to sit, stand, walk, kneel, bend, crouch, stoop, squat, climb or crawl." (Pl's. Objs. 5.) Further, Plaintiff maintains that the magistrate "d[id] not address the [p]laintiff's argument that the ALJ committed reversible error in failing to fully state the [p]laintiff's RFC." (Pl's. Objs. 6.) However, this objection is without merit.

On pages 11-12 of the Report and Recommendation, the magistrate addresses Plaintiff's argument that the ALJ's assessment of the RFC was flawed. The magistrate stated:

> [T]he ALJ throughly discusses the medical records and findings of Plaintiff's physicians, the state agency physicians, as well as Plaintiff's own testimony, noting both the physical and mental findings as reflected in the medical evidence, the effectiveness of her treatments, and that his findings were based on the medical evidence and why.  The ALJ properly found that Plaintiff could not return to work in her past occupations, primarily because of her mental limitations and need to be restricted to simple, routine work in a low stress job and in an environment free from poor ventilation, but that she was not totally disabled from all work.  This review, discussion and analysis satisfied the requirements of SSR 96-8p. . . .  Plaintiff's argument that the ALJ should have gone into even greater detail with respect to his findings is without merit.  *Dryer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) [ALJ not required to specifically refer to every piece of evidence in the decision]; *Rogers v. Barnhart*, 204 F.Supp.2d 885, 889 (W.D.N.C. 2002).  *See also Osgar v. Barnhart*, NO. 02-2552, 2004 WL 3751471, *5 (D.S.C. Mar. 29, 2004), *aff'd*, 117 Fed.Appx. 896 (4th Cir. Jan. 5, 2005).

(R & R 11-12.) (citation omitted) (footnote omitted).

The Court finds that the ALJ properly reviewed the entire record, including the notes of Drs. Sanito, Zotovic, Bush, Walker, Steiner, and Smith and Nurse Knapik-Smith.  After reviewing this evidence, the ALJ determined that Plaintiff was able to perform work with:

> [No lifting and/or carrying over 50 pounds occasionally and 25 pounds frequently; limited to simple, routine work; in a low stress, supervised environment; with avoidance of hazards such as unprotected heights and dangerous machinery; and in an environment free from poor ventilation, dust, fumes, gases, odors, and extremes of humidity and temperature.

(R. at 17.) The Court finds that it is implicit from the ALJ's assessment that, after reviewing all of the medical evidence, he concluded Plaintiff had no limitations with regard to her ability to sit, stand, walk, kneel, bend, crouch, stoop, squat, climb or crawl. There is substantial evidence in the record to support the ALJ's assessment of Plaintiff's residential functional capacity.

## Conclusion

After a thorough review of the record, the Report and Recommendation, and the plaintiff's objections, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the Commissioner's decision be AFFIRMED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

March 27, 2008